Argued February 24, affirmed April 7, reconsideration denied
May 14, petition for review denied June 10, 1975

# HOME OWNERS' PRESERVATION LEAGUE ET AL, *Respondents, v.* CLACKAMAS COUNTY PLANNING COMMISSION ET AL (No. 85087), *Defendants,* and REGENT INVESTMENT COMPANY, *Appellant.*

533 P2d 838

*Frank Josselson,* Portland, argued the cause for appellant. With him on the briefs were Robert L. Nash and Davies, Biggs, Strayer, Stoel & Boley, Portland.

*John B. DesCamp, Jr.,* Portland, argued the cause for respondents. With him on the brief were Rives, Bonyhadi & Drummond and Gerard K. Drummond, Portland.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

This is an appeal from an order entered pursuant to a writ of review proceeding filed October 25, 1973, in which the trial court on June 18, 1974, vacated the action of the Clackamas County Planning Commission granting its preliminary approval of the plat of "Oswego Green."[1] Regent Investment Company ap-

---

[1] We note this case arises under ORS 92.040 (1971) and ORS 92.090(2) (1971) prior to their 1973 amendments. The former directed, so far as we are here concerned, that a subdivider "shall make an application in writing to the planning commission of the county * * *." ORS 92.090(2)(a) (1971) provides the planning commission or governing body authorized to give approval of laws of subdivisions under ORS 92.040 determine "it is

peals. Neither the Clackamas County Planning Commission nor the Board of County Commissioners, however, do so.

Writ of review proceedings are governed by ORS 34.010-34.100. The scope of our review is delineated therein as follows:

"* * * From the judgment of the circuit court on review, an appeal may be taken in like manner and with like effect as from a judgment of a circuit court in an action." ORS 34.100.

The trial court here in a carefully considered memorandum opinion summarized the issues which it decided:

"* * * * *

"2. Was the owner and developer of the property lying within the proposed plat and the applicant for approval thereof properly identified in the proceedings before the Planning Commission?

"3. Does the name 'Oswego Green' given to the proposed plat violate ORS 92.090(1) and, if so, does such violation invalidate the action of the Planning Commission?"

■ We note first that appellant concedes in its brief that both the plat and the application for its preliminary approval mistakenly name Rembold-United Homes as the developer, and not the Regent Investment Company, appellant herein. It contends, however, that this "was a minor, harmless error" which did not affect the validity of the plat. The trial court concluded:

"* * * The citizenry to whom notice was given

---

in the public interest to modify the street or road pattern." Read *in pari materia* with each other and with ORS 92.042, the statutes then in force support the authority of the county planning commission, then already established, itself to give or withhold approval of the challenged plat. The 1973 legislature made substantial changes which it is not here necessary to consider.

of the hearing on the proposed subdivision were entitled to know who the owner and developer of the subdivision was but this information was neither made available to them nor to the Planning Commission who made the ultimate decision."

We agree.

■ This plat was submitted, considered and approved by the Planning Commission under the name of "Oswego Green." The trial court discussed this issue at length, stating:

"* * * The name 'Oswego' is widely known to be associated with what is now known as the City of Lake Oswego and subdivisions contiguous thereto included within which general area are several subdivisions using names including the word 'Oswego.' ORS 92.090 [(1971)] provides that no plat or subdivision shall be approved which bears a name:

" 'using a word which is the same as, similar to or pronounced the same as a word in the name of any other subdivision in the same county, except for the words 'town,' 'city,' 'place,' 'court,' 'addition' or similar words, unless the land platted is contiguous to and platted by the same party that platted the subdivision bearing that name or unless the party files and records the consent of the party that platted the subdivision bearing that name.'

"Clackamas County Subdivision Ordinance, Section 5 (A) (2) states:

" 'The preliminary plat shall contain the following information: . . . (2) Name of the subdivision. *This name must not duplicate or resemble the name of another subdivision in Clackamas County.'*

There is no record indicating that any of the parties that platted subdivisions bearing the name 'Oswego' have consented to the use of such word

in the name of this proposed plat. From the record, it is obvious that the land platted as 'Oswego Green' is not contiguous to nor in close proximity to any of the other plats bearing the name 'Oswego.' It is quite obvious that the use of the word 'Oswego' is an attempt on the part of the developer to promote the inference that the area in question is part of or connected with the well known and prestigious subdivisions bearing the same name. * * *" (Emphasis supplied.)

Appellant concedes in its brief that:

"* * * The word 'Oswego' has been used in the name of at least the following Clackamas County subdivisions, and perhaps others:

"Oswego Acres

Oswego Country Club Heights

Oswego Heights

Oswego Highlands

Oswego Lake Villas

Oswego Terrace"

We agree with the court's analysis. The land here sought to be platted was not only not contiguous either to the City of Lake Oswego or to any of the other already platted subdivisions containing the name "Oswego," but was in fact a considerable distance away. No such consents as required in ORS 92.090(1) (1971) were here filed. We think its conclusion is in conformity with the clear language of Clackamas County Subdivision Ordinance, Section 5 (A) (2), and with ORS 92.090(1) (1971).

■ At the conclusion of the case appellant asked the trial court to remand the matter to the Clackamas County Planning Commission with instructions to permit the substitution of a different name for the proposed subdivision and to amend the proceedings by substituting the name of appellant as that of the true owner and developer. It declined to do so. Assuming

without deciding that under ORS 34.100 the court had authority upon this record to grant that motion, we think it clear that the trial court did not err in denying it.

In the view we have taken of this case we conclude the remaining assignments do not warrant discussion.

Affirmed.